# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOISES CARRILLO GOMEZ,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, DAVID VENTURELLA,**<br>**ACTING ATTORNEY GEN. TODD**<br>**BLANCHE, ICE PHILADELPHIA FOD**<br>**BRIAN MCSHANE, SECRETARY**<br>**MARKWAYNE MULLIN, THE U.S.**<br>**DEPARTMENT OF HOMELAND**<br>**SECURITY,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-3879** |

**HODGE, J.**                                                                **July 6, 2026**

## <u>MEMORANDUM</u>

Petitioner Moises Carrillo Gomez ("Petitioner" or "Mr. Carrillo Gomez") brings a petition

for a writ of habeas corpus (ECF No. 1 (the "Petition")) that is distinguishable from the majority

of habeas petitions that have come before this Court in recent months. Mr. Carrillo Gomez is not

being held pursuant to the mandatory detention provisions under Immigration and Nationality Act

("INA") § 235, 8 U.S.C. § 1225(b)(2). Rather, he is detained pursuant to 8 U.S.C. § 1226(a), as

the Government alleges that he has failed to comply with the terms of a valid nonimmigrant visa,

and that this violation renders him removable under 8 U.S.C. § 1227(a)(1)(B). Because § 1226(a)

provides a review process for custody determinations and Petitioner has already begun this

process, Petitioner must exhaust the process before seeking habeas relief from the Court.

Therefore, and for the reasons set forth below, the Petition is denied without prejudice.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as other courts have done in similar cases. *See  Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670 (E.D. Pa. May 14, 2026); *Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025).

## I.    BACKGROUND[2]

Mr. Carrillo Gomez, a native and citizen of Venezuela[3], was admitted to the United States on or about June 25, 2021 on a nonimmigrant visitor visa, known as a B2 visa. (ECF No. 1 ¶ 19; ECF No. 6 at 4; ECF No. 6-1 at 2.) The terms of his visa permitted him to remain in the United States until December 24, 2021. (ECF No. 6 at 4.) Mr. Carrillo Gomez also asserts that he obtained Temporary Protected Status, which has since expired. (ECF No. 1 ¶ 3; ECF No. 11-1 at 26.) After entering the United States, Mr. Carrillo Gomez settled in Philadelphia, Pennsylvania. (ECF No. 1 ¶ 21.) Petitioner has been present in the United States since his entry. (*Id.* at 2.) Petitioner has no criminal history. (ECF No. 6 at 8.)

On June 5, 2026, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner and served him with a Notice to Appear ("NTA") that charges him as removable under 8 U.S.C. § 1227(a)(1)(B) for allegedly violating the terms of his nonimmigrant visa by remaining in the United States beyond the authorized period. (*Id.* at 4.) The NTA was filed with the immigration court the same day, thereby commencing removal proceedings. (*Id.*) Accordingly, Petitioner was transported to the Philadelphia Federal Detention Center ("FDC"). (ECF No. 1 ¶ 22.) He filed the Petition with this Court the same day. Upon review of the Petition, the Court issued an order directing Respondents not to transfer Mr. Carrillo Gomez from the Eastern District of Pennsylvania without further order of the Court. (ECF No. 2.)

On June 16, 2026, the Court granted Petitioner's Motion to Withdraw Temporary Restraining Order to allow for his transfer to the Moshannon Valley Processing Center for the

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.
[3] Petitioner is also a citizen of Colombia. (ECF No. 6 at 4.)

bond hearing that he requested.[4] (ECF No. 8-1; ECF No. 10; ECF No. 6 at 4–5 (noting that, following his arrest and detention, Petitioner requested an immigration judge's review of ICE's custody determination).) On June 17, 2026, Mr. Carrillo Gomez appeared before Judge Tamar J. Wilson of the Newark Immigration Court for a bond hearing, at which time the request for a change in custody status was denied for his failure to establish that he is not a flight risk. (ECF No. 11-1 at 3, 11.) Mr. Carrillo Gomez reserved the right to appeal this determination. (*Id.* at 12.)

## II.    LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

Petitioner argues there is no statutory exhaustion requirement for a habeas petition brought pursuant to 28 U.S.C. § 2241, and even if there is such a requirement, it is generally excused when the administrative remedy is inadequate to prevent irreparable injury or incapable of providing the relief sought. Petitioner further contends that the administrative remedy afforded to him, namely the custody redetermination procedure, is defective and futile. Respondents assert that the Petition should be denied because Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has

---

[4] Although Petitioner has since been transferred out of this district, this Court retains jurisdiction over the matter. *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 445–46 (3d Cir. 2021) ("When the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004))).

not yet exhausted the administrative remedy regarding the Department of Homeland Security's ("DHS") custody determination.

### A. 8 U.S.C. § 1252(g) Does Not Deprive the Court of Jurisdiction Over This Matter

Respondents argue this Court lacks jurisdiction to hear Petitioner's claims under 8 U.S.C. § 1252(g). (ECF No. 6 at 6–7.) However, as my colleagues have explained repeatedly in numerous opinions involving issues similar to those now before this Court, the statute is inapplicable to the instant Petition. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026) (Younge, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.). This Court adopts the reasoning of those decisions here.

### B. Petitioner Is Detained Pursuant to 8 U.S.C. § 1226(a), Which Provides for Detention Pending a Removal Decision

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a). While the Petition indicates that Mr. Carrillo Gomez initially believed he was being held subject to mandatory detention under § 1225(b)(2), his reply brief acknowledges that he is detained pursuant to § 1226(a). (ECF No. 1 ¶¶ 31–35; ECF No. 11-1 at 4.) Petitioner does not contest that he may be detained under this provision. Rather, he argues that the government did not initially make an individualized custody determination finding that he posed a flight risk (ECF

No. 1 ¶ 27), and that the bond redetermination hearing that he received in accordance with § 1226(a) was deficient (ECF No. 11-1 at 6).

### C. Petitioner Must Exhaust the Administrative Remedies Provided by 8 U.S.C. § 1226(a) Prior to Seeking Habeas Relief Under 28 U.S.C. § 2241

The Court does not reach the merits of the Petition because Mr. Carrillo Gomez has not yet exhausted the administrative remedy provided. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam)). And while exhaustion is not required when it would be futile, *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010), "that an 'argument would likely have failed is not tantamount to stating that it would have been futile to raise it.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003). The administrative remedies under § 1226(a) and its implementing regulations are: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *Ubaid*, 2026 WL 1346670, at *3 (citing 8 C.F.R. § 236.1(d)).

Here, Petitioner argues that because his request for release was denied at the bond hearing, he has exhausted the administrative remedies available to him. (ECF No. 11-1 at 4–5.) But Petitioner has completed only the first step of a two-step review process. He may still appeal the immigration judge's decision to the BIA. 8 C.F.R. § 236.1(d)(3). Petitioner suggests that seeking an appeal before the BIA would be futile given a recent downward trend in the bond grant rate.[5]

---

[5] Petitioner purports to cite a decision by my colleague explaining that the "statistical reality of the forum forecloses meaningful relief." (ECF No. 11-1 at 5 (citing *Vieira Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649 (E.D. Pa. June 17, 2026)).) Upon review, the Court is unable to find

(*Id.* at 5–6.) But "[s]peculation that a claim is merely unlikely to prevail in the administrative process based on statistical trends does not make raising that claim futile." *Ubaid*, 2026 WL 1346670, at *3. Because Petitioner has not yet completed the second step in the administrative review process, he has not exhausted the available administrative remedies. *Id.*; *Rolando Guaman Guerrero v. McShane*, No. 2:25-cv-06974 (E.D. Pa. Jan. 27, 2026) (Gallagher, J.).

As Petitioner no longer challenges his initial detention but instead focuses on the result of the bond hearing, the Court makes no determination on whether DHS's initial custody decision complied with the individualized custody determination requirement under § 1226(a). In the Motion to Withdraw Temporary Restraining Order, Petitioner stated that he sought to attend the bond redetermination hearing to "exhaust his remedy for a bond hearing." (ECF No. 8-1 at 2.) Thus, in these specific circumstances, Petitioner acknowledged that there was an administrative remedy available to him and recognized a need to exhaust that procedure, and he opted to engage in that procedure beginning with his request for a transfer to Moshannon Valley Processing Center to attend the bond hearing. As explained above, this administrative remedy is a two-step process that Petitioner has yet to complete.

Therefore, Petitioner's claims are premature and the merits are not ripe for review by this Court.

## IV.    CONCLUSION

For the aforementioned reasons, the Petition is denied without prejudice. An appropriate Order follows.

---

the block quotation Petitioner attributes to Judge Sánchez in the opinion. Instead, the quotation appears to be derived from the petitioner's reply in that case. *See* Petitioner's Reply in Support of Petition for Writ of Habeas Corpus at 4, *Vieira Dos Reis v. McShane*, No. 26-3775 (E.D. Pa. June 4, 2026). While the Court does not comment further in this instance on the erroneous citation, the Court cautions counsel to exhibit the diligence and candor that is required in all court filings.

**BY THE COURT:**

**/s/ Kelley B. Hodge**

**HODGE, KELLEY B., J.**